In the Matter of the Estate of JAMES A. WARD, Deceased.

Surrogate's Court, Kings County, December 14, 1939.

*Shattuck, Bangs & Davis* [*Robert A. Irwin* of counsel], for the petitioner, for the motion.

*Harold L. Tuck,* for the executors, opposed.

WINGATE, S.   A so-called proceeding for construction of a will may consist of either or both of two parts, namely, *first*, interpretation, which is merely an attempt to ascertain what the testator meant by the words employed by him in his will, when these are read in the light of the circumstances surrounding him; and, *second*, adjudication, which is the determination of the legal validity of the directions actually incorporated in the document.   The independent nature of these two phases of such a proceeding has repeatedly been recognized.   (See *Matter of Hilliard*, 164 Misc. 677, 682; affd., 254 App. Div. 879, and authorities cited.)

In the first of these two processes, evidence of extraneous facts, indicating the relationship and feelings of the testator, are not only relevant but frequently extremely important for determining what the testator intended by the words which he inserted in the will.

In the second operation, however, the wishes or intentions of the testator are entirely irrelevant.   The sole question is whether the wishes of the testator run counter to the dictates of the law. His demonstrated wishes may be magnified to the nth power, yet they may not be permitted to prevail against the fiat of the Legislature.

In the present instance the wishes of the testator are entirely clear. He intended that his son should receive fifty dollars a month and no more, except in the discretion of the trustees. Why he wished it, or how much he wished it, or how excellent his reasons for wishing it may have been, are totally irrelevant questions in the determination of whether the law will contenance the manner in which he attempted to effectuate his wholly uncontroverted desire.

It follows that the portions of the affidavits to which objection is made attempt to inject totally irrelevant matters into the consideration. Since their statements tend to reflect upon the petitioner and are not germane to the sole pending issue, the motion to strike out such parts will be granted, with costs. The additional request for time within which to serve and file reply affidavits and briefs will also be granted.

Enter order on notice in conformity herewith.